# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DJENABA DIALLO<br><br>    v.<br><br>COMMONWEALTH SUPPORT SERVICES, et al. | CIVIL ACTION<br><br>NO. 18-1517 |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                                          **January 3, 2019**

In this employment discrimination case, Plaintiff Djenaba Diallo brings claims against her former employer, Commonwealth Support Services ("CSS"), CSS's House Manager of Support Staff Defendant Alie Turay, and CSS's CEO, Thomas Kargbo for:

- Title VII:
  - discrimination on the basis of race, religion, and national origin. (Compl. at ¶¶ 34-36, ECF 1); and
  - retaliation (Compl. at ¶¶ 37-39.)
- Pennsylvania Human Relations Act ("PHRA"):
  - discrimination on the basis of race, religion, and national origin. (Compl. at ¶¶ 40-43);
  - retaliation (Compl. at ¶¶ 44-46); and
  - aiding and abetting discrimination (Compl. at ¶¶ 47-49.)
- § 1981 discrimination and retaliation (Compl. at ¶¶ 50-53.)

`       Before this Court is Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Mot., ECF 7.) For the reasons discussed below, Defendants' motion will be GRANTED IN PART AND DENIED IN PART.

## I. Alleged Facts & Procedural History

Diallo, who is Muslim and of Guinean descent, began working full-time as a Direct Support Staff member in October of 2015, reporting to Defendant Turay. (Compl. at ¶¶ 11, 15.) Around May of 2017, her hours were allegedly reduced, and her schedule changed, while other non-Muslim employees of Sierra Leonean descent were given greater hours. (Compl. at ¶¶ 17-19.)

Plaintiff asserts that she "complained to Defendants about the reduction in hours, and reported that the employees from Sierra Leone were receiving more favorable treatment than her as a result of their national origin." (Compl. at ¶ 21.) She contends that Defendants did not investigate her complaint, but that "around the same time" she received a schedule that was "incompatible" with her child care schedule. (Compl. at ¶¶ 22, 23.) She also asserts that she received a "Written Warning/Disciplinary Action" on or around July 6, 2017 and was "constructively terminated" on July 8, 2017. (Compl.at ¶¶ 24, 27.)

Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on or around October 2, 2017. (Compl. at ¶ 4.) She received her Right-to-Sue letter from the EEOC on January 11, 2018. (Compl. at ¶ 5.) She filed her complaint in this court on April 11, 2018. (Compl.) Defendants filed this Motion to Dismiss on August 20, 2018. (Mot.) Plaintiff responded in opposition to this motion (Resp., ECF 4), and Defendants replied. (Reply, ECF 9.)

## II. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 556 n.3). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A complaint may be dismissed under Rule 12(b)(1) for failure to exhaust administrative remedies if the plaintiff does not submit a complaint to the EEOC or relevant state agency and obtain a right-to-sue letter, because both actions are prerequisites to filing suit under Title VII. Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997). In considering a motion to dismiss on these grounds, a court may consider the EEOC administrative record without converting the motion into one for summary judgment. Concha v. Perfecseal, Inc., No. 13-5709, 2014 WL 4634965, at *1 n.1 (E.D. Pa. Sept. 15, 2014) (McHugh, J.).

### III. Discussion

#### A. Exhaustion

Defendants first argue that Plaintiff has failed to exhaust her administrative remedies and therefore her complaint in federal court is improper. Before a plaintiff brings employment discrimination claims in federal court, she must exhaust administrative remedies by filing a timely discrimination charge with the EEOC. 42 U.S.C. § 200e-5(b). The EEOC investigates that charge, and if it has not resolved the charge with the employer, issues a "right-to-sue" letter, which "indicates that the complainant has exhausted administrative remedies." Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). PHRA claims require a similar exhaustion with the Pennsylvania Human Rights Commission ("PHRC"). Pa. Stat. Ann. 43 § 959(a).

The exhaustion requirement is put in place "to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). Therefore, a plaintiff is prohibited from "greatly expanding an investigation simply by alleging new and different facts" after the charge. Barzanty v. Verizon PA, Inc., 361 F. App'x 411, 414 (3d Cir. 2010) (quoting Hicks v. ABT Assoc., Inc., 572 F.2d 960, 967 (3d Cir. 1978)). However, "[i]t has been recognized generally that EEOC charges should be liberally construed because they are preferred by laymen and are usually prepared without legal assistance." Canavan v. Beneficial Fin. Corp., 553 F.2d 860, 864 (3d Cir. 1977).

Defendants contend that Plaintiff has not exhausted her administrative remedies for her religion, sex, [1] or race discrimination claims under Title VII and the PHRA, and that her EEOC charge noted she was "fired" when she asserts to this court that she was constructively discharged. (Mot. Memo. at 10-13, 25.) We review each argument.

### 1. Exhaustion of religious and race discrimination claims

With regard to Plaintiff's religious discrimination claim, Defendants assert that "[n]owhere throughout the entirety of her Charge does Plaintiff cite one alleged fact regarding her religion or gender as a reason why she was allegedly mistreated or terminated." (Mot. Memo. at 10-11.) Plaintiff does not dispute that she failed to check off the "religion" box when filing her EEOC charge, but rather argues that "Defendants have not been prejudiced in any way, as they attempt to claim, as Plaintiff made it very clear that she felt she was harassed on the basis of her religion." (Resp. Memo. at 7-8)

Although EEOC charges are to be construed liberally, Defendants were not on notice that Plaintiff was likely to file religious discrimination claims against them in federal court. We will not overlook Plaintiff's failure to allege religious discrimination in the EEOC charge or in the Statement of Facts submitted along with her charge. (Mot., Ex. A at 2-7, ECF 7-1.) Because Plaintiff is outside of the 180-day window to refile this claim in the EEOC and PHRC, we dismiss this claim with prejudice.

---

[1] Plaintiff's Complaint does not allege a cause of action for sex discrimination, and the one mention of it in the complaint was, by Plaintiff's own admission, a "typographical error." (Resp. Memo. at 6.) Accordingly, we do not address that argument.

5

Unlike her religious discrimination claim, Plaintiff did check the box for race discrimination claim in her charge to the EEOC. (ECF 7-1 at 2.) We find that she has exhausted this claim.[2]

### 2. Exhaustion of PHRA claims

Plaintiff filed her charge with the PHRC on or around October 2, 2017, at the same time as her EEOC charge, and received her EEOC Right-to-Sue letter on January 11, 2018. (Compl. at ¶¶ 4-6.) She filed her complaint in this court just as the 90-day time frame on her EEOC complaint was about to expire, and at that point had not heard back from the PHRC. (Id.; Resp. Memo at 17-18.) Plaintiff admits that she did not exhaust her administrative options before the PHRC. (Resp. Memo. at 17-18.)

A plaintiff can file an employment discrimination suit in federal court one year after the filing of a charge with the PHRC if no action has been taken. Pa. Stat. Ann. tit. 43, § 962(c)(1). Although one year had not expired when Defendants filed their motion to dismiss, it has expired now. Therefore, Plaintiff's PHRA claims have been properly exhausted.

### 3. Exhaustion of remedies for failure to note constructive discharge

Defendants assert that Plaintiff's claim of constructive discharge in her Complaint was not presented in the EEOC charge and therefore has not been exhausted. (Mot. Memo. at 12.) Defendants contend that "[t]here is a grave distinction between being told she was fired—and her employer taking an adverse action against her—and then ultimately conceding that she actually resigned because of purported intolerable working conditions." (Mot. Memo. at 12-13.) Defendants attach to their motion text messages from Plaintiff to Defendant Turay.[3]

---

[2] There is no exhaustion requirement under §1981.
[3] Pursuant to Fed. R. Civ. P. 12(d), we have excluded this exhibit from consideration.

Plaintiff responds that her charge "simply states that she was fired," but that she never characterized the charge to indicate that she was constructively discharged or told she was fired. (Resp. Memo. at 9.) She asserts that Defendants have suffered no prejudice and argues that "the only way that Plaintiff could have made [the charge] clearer is if she had included the term 'constructive discharge' itself, which Plaintiff, who has no legal training or experience, could not be reasonably expected to do." (Id.)

We are not persuaded by Defendants that the character of Plaintiff's claim has changed since her EEOC charge. Moreover, "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976) (holding that district court properly exercised jurisdiction over an employment discrimination class action where the EEOC investigation focused upon workers outside of Plaintiff's department.) "In effort to define the scope of a reasonable EEOC investigation, courts have allowed claims not specifically mentioned in the EEOC charge 'where there was a close nexus between the facts supporting the claims raised in the charge and those in the complaint.'" Pourkay v. City of Philadelphia, No. CIVA 06-5539, 2009 WL 1795814, at *5 (E.D. Pa. June 23, 2009) (Robreno, J.) (quoting Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir.1984)). Plaintiff's EEOC charge, which asserted she was fired, had a close nexus to the facts now alleged, that she was constructively terminated. We would reasonably expect the EEOC investigation to have revealed Plaintiff's constructive discharge.

Defendants' related argument that we should dismiss Plaintiff's complaint on the basis of equitable estoppel (Mot. Memo. at 13) is also without merit. The elements of an estoppel claim are "(1) a misrepresentation by another party; (2) which he reasonably relied upon; (3) to his

7

detriment." United States v. Asmar, 827 F.2d 907, 912 (3d Cir. 1987). We find there was no misrepresentation in Plaintiff's EEOC filing, and moreover, Defendants have not demonstrated any reliance upon the EEOC charge.

### B. Failure to state a claim

Defendants argue in the alternative that Plaintiff has failed to plead sufficient facts to state a claim of constructive discharge, race discrimination, or retaliation.[4] (Mot. Memo. at 15-23.)

#### 1. Constructive Discharge

When an "employer discriminates against an employee to the point such that his 'working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign'… Title VII treats that resignation as tantamount to an actual discharge." Green v. Brennan, 136 S. Ct. 1769, 1776-77 (2016) (citing Pennsylvania State Police v. Suders, 542 U.S. 129, 141 (2004)). To state a claim for constructive discharge, a plaintiff must prove that: (1) "he was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign," and (2) "that he actually resigned." Id. at 1777. This test is "objective" and examines "whether a reasonable jury could conclude that [the employer] permitted conditions so unpleasant or difficult that a reasonable person would have felt compelled to resign." Connors v. Chrysler Fin. Corp., 160 F.3d 971, 974 (3d Cir. 1998).

Defendants assert that Plaintiff cannot state a claim for constructive discharge because her Complaint "merely uses sweeping language" but does not set forth the elements required by the case law. (Mot. Memo. at 16.) Plaintiff responds that Defendants have mischaracterized their

---

[4] Defendants also assert that Plaintiff has failed to state claims for sex and religious discrimination. (Mot. Memo. at 18.) We do not address these arguments because, as noted above, Plaintiff did not assert that she was discriminated against on the basis of her sex, and because we found that she has not exhausted administrative remedies for her religious discrimination claim.

burden at this stage, and that Plaintiff has met her "relatively low burden." (Resp. Memo. at 10.) She asserts that she "will indeed need to disclose further and more specific facts as her case proceeds to prove her constructive discharge theory, but she is not required to do so at this early stage." (Resp. Memo. at 11.)

The issue of whether Plaintiff was constructively discharged is a "fact-intensive question" that is inappropriate for a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Hill v. Borough of Kutztown, 455 F.3d 225, 233 n.7 (3d Cir. 2006); see also Niehoff v. SPS Techs., Inc., 2016 WL 6648618, at *5 (E.D. Pa. Nov. 10, 2016) (Bartle, J.) (declining to evaluate merits of a constructive discharge claim at the motion to dismiss stage). Accordingly, we do not dismiss the complaint on this basis.

### 2. Discrimination claims

We turn next to an analysis of Plaintiff's discrimination claims. Plaintiff's claims of discrimination[5] are subject to the three-part burden-shifting framework set out in McDonnell Douglas Corp v. Green, 411 U.S. 792 (1973). Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2000). A plaintiff faces the initial burden of establishing a prima facie case of unlawful discrimination. McDonnell Douglas, 411 U.S. at 802. The burden then shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the adverse treatment. Id. at 802-803. Finally, the ultimate burden rests with the plaintiff to demonstrate that those reasons are merely a pretext for unlawful employment discrimination. Id. at 804-805. To plead an inference of discrimination, a plaintiff can either: "(1) introduce evidence of comparators (i.e., similarly situated employees who (a) were not members of the same protected class and (b) were treated more favorably under similar

---

[5] This analysis applies to Plaintiff's discrimination claims under Title VII, PHRA, and §1981 (for race discrimination claims). Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 410 (3d Cir. 1999).

9

circumstances); or (2) rely on circumstantial evidence that otherwise shows a causal nexus between his membership in a protected class and the adverse employment action." Greene v. Virgin Islands Water & Power Auth., 557 F. App'x 189, 195 (3d Cir. 2014).

Plaintiff need not establish a full prima facie case of discrimination in a complaint in order to state a plausible claim for relief. Connelly v. Lane Const. Corp., 809 F.3d 780, 788-89 (3d Cir. 2016) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002).) Rather, to survive a motion to dismiss, Plaintiff must put forth "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (citing Twombly, 127 S. Ct. at 1965).

Defendants urge us to dismiss Plaintiff's race and national origin discrimination claims. With regard to her race claims, Defendants argue that Plaintiff has put forward "absolutely no facts pertaining to these claims" of race discrimination. (Mot. Memo. at 18.) Defendants also argue that Plaintiff's § 1981 claim addresses national origin discrimination, which is not covered by the statute.

Regarding the national origin discrimination claims, Defendants assert that in Plaintiff's EEOC charge, she stated she was from Guyana and now she states she is from Guinea. (Mot. Memo. at 19.) Plaintiff responds that this was a typographical error. (Resp. Memo. at 12.)

Plaintiff's claim of racial discrimination has no supporting facts. Plaintiff's claim that she was given less preferable treatment than her coworkers from Sierra Leone (Compl. ¶ 21), does not constitute race discrimination. Accordingly, we dismiss Plaintiff's race discrimination claims under Title VII, PHRA, and § 1981 without prejudice, with leave to amend.

Plaintiff's national origin discrimination claims, however, are sufficient to withstand Defendants' motion to dismiss. Plaintiff stated that she received disparate treatment from

10

coworkers from a different country of origin. Plaintiff has alleged sufficient facts to demonstrate that her coworkers from Sierra Leone were given preferable treatment. We conclude that Plaintiff has sufficiently plead a claim for national origin discrimination.

### 3. Retaliation

To state a prima facie case for retaliation, a plaintiff must show that (1) she was engaged in a protected activity; (2) her employer took adverse action against her; and (3) there is a causal connection between his participation in the protected activity and the adverse employment action. Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir. 2006). As noted above, a plaintiff pleading retaliation need not meet the prima facie standard in order to survive dismissal; rather, her complaint must simply contain factual allegations sufficient to raise a reasonable expectation that discovery will reveal the three aforementioned elements. Connelly v. Lane Constr. Corp., 809 F.3d 780, 789 (3d Cir. 2016).

Defendants accept that Plaintiff can make out the first element of retaliation because she was engaged in a protected activity when she allegedly complained of discrimination. (Mot. Memo. at 20.) However, they argue that Plaintiff cannot satisfy the second two elements. (Id.)

With regard to the first element, Defendants question whether there was a materially adverse action. Defendants admit that a change in hours may be considered an adverse action but argue that that change had occurred before Plaintiff complained of discrimination. (Mot. Memo. at 22.) Defendants also assert that a disciplinary write-up is not a materially adverse action.

Accepting the factual allegations in Plaintiff's complaint as true, as we are bound to do, Plaintiff has alleged that her schedule began to change around the end of May of 2017. (Compl. at ¶ 17.) Plaintiff asserts that "around the same time" as she complained of discriminatory treatment to Defendants, her schedule was changed to one that she could not work due to child

care, and that she was written up on or around July 6, 2017. (Compl. at ¶¶ 21-24.) Although her hours began to be reduced before she allegedly made the complaint, she asserts that after she complained, her schedule was changed to "one that was incompatible with Plaintiff's obligations to care for her infant son, despite [Defendant Turay] being fully aware that Plaintiff could only work certain hours." (Compl. at ¶ 23.) We find that at this stage in the proceedings, Plaintiff has plead that she experienced an action that may turn out to be materially adverse with the benefit of discovery.

Defendants argue that causation cannot be inferred between the complaint of discrimination and alleged constructive termination because the events were not close enough in time to infer causation from temporal proximity. (Mot. Memo. at 22.) Defendants assert that Plaintiff has not put forward any "facts of antagonism, statements or any other record evidence showing a causal link" between her complaints and the alleged adverse action. (Id.)

Defendants' argument is mistaken. Plaintiff is not required to put forward evidence at this stage, nor is she required to carry her burden of proof. Rather, as discussed above, Plaintiff must only plead sufficient factual allegations to support the claims asserted. Plaintiff has plead sufficient factual averments of retaliation to withstand this motion to dismiss.

Because we have found that Plaintiff has not set forth sufficient facts to support her claim for race discrimination under § 1981, we are unable to find that she has supported a claim for retaliation under § 1981 either. Plaintiff has not stated that her internal complaint of discrimination mentioned her race. This claim is therefore dismissed without prejudice, with leave to amend.

### 4. Conclusion

For the foregoing reasons, Defendants' motion is granted in part and denied in part. Plaintiff's religious discrimination claims under Title VII and PHRA are dismissed with prejudice.

Plaintiff's race discrimination claims under Title VII, PHRA, and § 1981, and her retaliation claim under § 1981 are dismissed without prejudice, with leave to amend.

Defendants' motion is denied as to Plaintiff's national origin discrimination and retaliation claims under Title VII and the PHRA, and aiding and abetting under the PHRA.

O:\CIVIL 18\18-1517 Diallo v. Commonwealth Support Services\18cv1517 MTD Memo.docx